**144**

Raphael G. KAZMANN, P.E., Individually and on Behalf of All Other Individuals Similarly Situated

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Through its Administrator, Lee A. THOMAS, and the City Parish of East Baton Rouge.

Civ. A. No. 87–210–A.

United States District Court,
M.D. Louisiana.

Sept. 8, 1987.

Michael R. Connelly, Rogers and Connelly, Baton Rouge, La., for plaintiff.

Carl Strass, Environmental Defense Section Land & Natural Resources Div., Washington, D.C., Raymond Lamonica, U.S. Atty., M.D. La., Edward J. Gonzales, Asst. U.S. Atty., Baton Rouge, La., for defendant U.S. E.P.A.

Lynn E. Williams, Parish Atty., Randall J. Cashio, Assistant Parish Atty., Baton Rouge, La., for defendant City Parish of East Baton Rouge.

JOHN V. PARKER, Chief Judge.

In this proceeding, a frustrated citizen seeks to ultimately halt what he considers to be unnecessary sewerage treatment for discharge of sewage into the Mississippi River and thus terminate what he considers will then become an unnecessary sewer user fee or tax. He further seeks to represent a class of taxpayers and persons who operate businesses in East Baton Rouge Parish, Louisiana, and who pay the sewer user fee imposed by the local government. Made defendants are the Administrator of the Environmental Protection Agency and the "City-Parish of East Baton Rouge."[1] The EPA has moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

The City of Baton Rouge and the Parish of East Baton Rouge hold permits from the EPA for the discharge of sewage into the river. Acting under the authority of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. ("The Clean Water Act"). The EPA has ordered the City and the Parish to utilize what is known as secondary treatment for all sewage which is discharged into the River. Plaintiff claims that he and other taxpayers will bear the cost of providing such treatment facilities and that the EPA requirements

---

1. There is no such entity as the "City-Parish of East Baton Rouge." In 1949, the Plan of Government for the Parish of East Baton Rouge and the City of Baton Rouge became effective. That Plan consolidated some functions of local government but the City and the Parish continue as separate units of local government. See Plan of Government §§ 1.02, 1.03.

will "impose an onerous and unnecessary financial burden" upon the local folks. More specifically, plaintiff alleges that use of secondary treatment, "will have no appreciable effect on the water quality of the Mississippi River." Plaintiff further claims that under the Clean Water Act, the City and the Parish are entitled to an administrative hearing at which he and the local governmental bodies may demonstrate that the EPA requirments are unnecessary and unwarranted. Finally, he seeks injunctive relief pending the holding of such an administrative hearing.

Federal district courts are courts of limited jurisdiction, hence that is always the first inquiry. The only basis for federal jurisdiction alleged in this complaint are 28 U.S.C. § 1346, the Tucker Act, and 33 U.S.C. § 1365, the "citizen suit" provisions of the Clean Water Act.

Since this action makes no money demand against the United States, it is obvious that the Tucker Act does not provide a jurisdictional basis for it. The Clean Water Act, 33 U.S.C. § 1365 provides:

Except as provided in subsection (b) of this section, any citizen may commence a civil action on his own behalf— [2]

(1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator of a State with respect to such a standard or limitation, or

(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title.

Since no allegation is made in this complaint that any defendant is in violation of an effluent standard or limitation or of an order with respect thereto, it is clear that plaintiff's jurisdictional basis must be subsection (2). Plaintiff argues that the administrator has a non-discretionary duty to afford an administrative hearing to the City and the Parish.

The EPA argues that plaintiff lacks standing to bring this action and hence that the court lacks jurisdiction to hear it. Plaintiff essentially relies upon his claim of economic injury due to burdensome and unnecessary increases in taxes or user rates.

■ One's status as a taxpayer does not confer standing to invoke the judicial power of the United States except in the most narrow of circumstances, none of which are present here. See, E.g. *United States v. Richardson*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). More importantly, however, the tax or utility rate which plaintiff here seeks to use to acquire taxpayer status, is not one levied or imposed by the EPA. As the complaint clearly shows, the sewer user fee is a local tax levied by the City of Baton Rouge and the Parish of East Baton. The EPA has no power to impose such a tax or to repeal it.

As the government points out in its brief, the legislative history of the Clean Air Act makes it plain that the Congress defined "citizen" as the term was used in *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). See S.Conf. Rept. No. 1236, 92th Cong. 2d Sess., reprinted in 1972 Code Cong. & Admin. News, 3823. To bring such an action, the citizen must seek to vindicate his own rights, not those of a third party. Here, plaintiff seeks to assert rights which he

---

**2.** The legislative history of the Clean Water Act clearly indicates that the Congress did not intend to authorize class actions. Instead, only suits by any citizen or citizens acting on their own behalf are authorized. 1972 U.S.Code Cong. & Admin.News, 3668, 3746. See *City of Evansville, Ind. v. Kentucky Liquid Recycling Co.*, 604 F.2d 1008 (7th Cir.1979).

claims are due the local governing bodies, implying that the local public officials who should do so have somehow abdicated their own duty to demand such an administrative hearing, in court if necessary. This amounts to a sort of citizen-taxpayer derivative suit brought to assert rights which the elected leaders of the community have failed to assert. Plaintiff has cited no authority which authorizes the bringing of such an action and this court has found none.

■ Analysis of the situation shows clearly that plaintiff lacks standing. The Clean Air Act confers jurisdiction upon this court to entertain citizen's actions brought (1) against violators and (2) for non-performance of nondiscretionary duties, against the Administrator. No other jurisdiction is conferred. Since there is no claim that the city and the parish are violators, this court is without subject matter jurisdiction to hear any claim by this plaintiff against those defendants. When the city and the parish are removed from the suit (as they would be), it becomes clear that plaintiff is attempting to assert the rights of others. Neither the city nor the parish has demanded the administrative hearing which plaintiff seeks for them. Should this court answer the only question presented by the complaint—Does the Administrator have a non-discretionary duty to grant an administrative hearing to the city and the parish?—then the court would truly render an advisory opinion which is prohibited by Article III of the United States Constitution.

Plaintiff may be entirely correct in his claim that EPA is mandating superfluous treatment standards and that the local governing bodies are entitled to an administrative hearing before they can be required to provide that treatment. But the local elected officials whose duty it is to make the decision to demand or not to demand such a hearing, have apparently decided to forego it. That is their decision to make. No authority has been presented to this court for the proposition that a citizen-taxpayer who disagrees with such a decision may supercede the local elected officials and exercise the rights of the local government on their behalf. Clearly, everyone recognizes that citizen-taxpayers may be effected in significant ways by decisions of their elected officials, but disagreement with their decisions must be registered at the ballot box, not the courthouse.

The court is convinced, after the most careful study and consideration, that plaintiff lacks standing to being this action and that consequently this court has no jurisdiction to hear it. The motion to dismiss for failure to state a claim is hereby GRANTED and this action will be dismissed.